IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52452

| | |
|---|---|
| MATTHEW WAYNE DILLS, | ) |
| | ) Filed: July 20, 2026 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u> <u>and</u> <u>case</u> <u>remanded</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Matthew Wayne Dills appeals from the judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we vacate the district court's judgment summarily dismissing Dill's petition and remand for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In his underlying criminal case, Dills was charged with domestic violence or battery in the presence of a child (I.C. §§ 18-918(2), 18-903(a), and 18-918(4)) based upon an altercation with his ex-wife while his seven-year-old daughter was in the home. The State also alleged Dills is a persistent violator of the law. I.C. § 19-2514. Dills recorded audio of the altercation on his phone and denied the allegations, maintaining his innocence. At trial, the victim testified that she and

1

Dills got into an argument that turned physical. The victim further testified that Dills kicked her in the upper-left side, causing her to fall off a bed; grabbed her by the hair; put his arm around her neck; and broke her arm. A jury found Dills guilty, after which he admitted to being a persistent violator of the law. Dills appealed his judgment of conviction and sentence to this Court, which we affirmed in an unpublished opinion. *See State v. Dills*, Docket 50365 (Ct. App. July 2, 2024). Dills filed a petition for review, which the Idaho Supreme Court granted. Ultimately, the Court affirmed Dills' judgment of conviction and sentence. *See State v. Dills*, 175 Idaho 20, 561 P.3d 478 (2024).

Through counsel, Dills filed a petition for post-conviction relief, asserting various claims of ineffective assistance of trial and appellate counsel. In response, the State filed a motion for summary dismissal. Following a hearing, the district court issued a memorandum decision and order granting the State's motion and summarily dismissed Dills' petition for post-conviction relief. Dills appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Dills argues the district court erred in summarily dismissing his ineffective assistance of trial counsel claims.[1] According to Dills, he presented "allegations and evidence showing that his [trial] counsel was inadequately prepared and misunderstood the relevant law." Dills contends he presented a genuine issue of material fact in support of his claim that his trial counsel's

---

[1] Dills does not challenge the district court's summary dismissal of his ineffective assistance of appellate counsel claim.

2

performance was deficient because it caused trial counsel "to forgo important character evidence and impeachment material that would have significantly undermined [the victim's] credibility." Had such evidence been presented, Dills maintains "there is a reasonable probability that [he] would have been acquitted." The State responds that the record and applicable law support the district court's summary dismissal of Dills' petition. We hold that the district court erred in summarily dismissing Dills' petition.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). A post-conviction petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence.

*Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Dills argues the district court erred when it summarily dismissed four of his ineffective assistance of trial counsel claims. We address Dills' arguments as to each claim below.

## A.      Evidence Regarding the Victim's Credibility

In his petition, Dills raised two ineffective assistance of counsel claims related to trial counsel's handling of evidence related to the victim's credibility. First, Dills alleged that his trial counsel was ineffective for failing to call witnesses who would have testified that the victim "was a dishonest person who lied when it helped her." Dills further alleged his trial counsel failed "to investigate, subpoena, arrange for travel, and present the testimony" of the following individuals: Asya (Dills' close friend and prior roommate); Anthony and Amanda (the victim's ex-husband and his current wife); and Andrea (Dills' long-time friend). In support of his claim, Dills submitted declarations from the potential witnesses, asserting the declarations established the victim's untruthful character and the proffered testimony would have been admissible at trial without "opening the door" to evidence of his own character. The district court disagreed and found that, "well before trial," trial counsel "found witnesses to potentially testify about the victim's character for untruthfulness." After reviewing the declarations of Dills' potential witnesses, the district court acknowledged that "each declaration contain[ed] an opinion that [the victim] had a trait for dishonesty and/or untruthfulness." The district court found that Dills "established only a possibility that trial counsel was deficient." However, "even assuming, arguendo, that trial counsel was deficient for not calling" the potential witnesses, the district court determined that Dills "failed to show prejudice." The district court found the identified witnesses' observations "not particularly compelling in light of the trial transcript and evidence against" Dills. Thus, the district court determined that Dills failed to establish a genuine issue of material fact that there was a reasonable probability that "the outcome of his underlying proceedings would have been different had trial counsel called [Dills'] desired witnesses to testify." As a result, the district court summarily dismissed this claim.

Second, Dills alleged in his petition that his trial counsel was ineffective for failing to cross-examine the victim about an alleged prior false allegation of domestic violence against her ex-husband. The district court indicated that I.R.E. 608(b) would not "have prevented [Dills'] desired cross-examination of [the victim] related to an alleged specific instance of untruthful conduct." However, the district court found that Dills failed "to show that trial counsel's decision

5

to not cross-examine [the victim] in that manner was deficient." According to the district court, "trial counsel and [Dills] had previously decided that [he] was going to testify," which led trial counsel to make "a tactical decision to not cross-examine" the victim. "Even assuming, arguendo, that trial counsel was deficient," the district court found that Dills "failed to show resulting prejudice" because, had "trial counsel cross-examined [the victim] on the alleged prior false allegations, surely [the victim] could have denied the allegations." Additionally, if trial counsel reminded the victim "that she was testifying under oath," the district court found that the victim's "answer could have been the same." The district court determined that, "at that point in questioning, trial counsel would have been left only to accept [the victim's] response." Because the district court was unaware of "uncontroverted evidence capable of changing this outcome," the district court summarily dismissed this claim.

On appeal, Dills argues the district court erred in dismissing his ineffective assistance of counsel claims pertaining to trial counsel's handling of evidence related to the victim's credibility. First, Dills contends the district court erred in summarily dismissing his claim that trial counsel was ineffective for failing to present the testimony of the potential character witnesses. According to Dills, "when the sole issue before the jury was who was telling the truth" (the victim or Dills), "trial counsel was ineffective in not using abundant opinion evidence from those who knew" the victim was dishonest. Dills asserts his case is similar to *Marr v. State*, 163 Idaho 33, 408 P.3d 31 (2017) and maintains that, because "trial counsel failed to investigate and present readily available opinion evidence about a character" trait of the victim, the district court "erred in not granting an evidentiary hearing." Second, Dills argues the district court erred in dismissing his claim that his trial counsel was ineffective for failing to cross-examine the victim about her alleged prior false allegation of domestic violence against her ex-husband because "cross-examination about a previous unfounded domestic abuse allegation by the same complainant would have gone a long way to creating reasonable doubt about the veracity of the current allegation." We hold that the district court erred in summarily dismissing the foregoing ineffective assistance of trial counsel claims.

Our decision is guided by *Marr*. In *Marr*, the defendant was charged with attempted strangulation and domestic battery with traumatic injury. The victim testified at the criminal trial and provided testimony that "was similar to her story at the preliminary hearing, though there were

6

slight changes." *Id*. at 35, 408 P.3d at 33. The victim also "mumbled and appeared shaky on the stand," which prompted the defendant to tell trial counsel that the defendant believed the victim "appeared to be intoxicated." *Id*. However, trial counsel "failed to get a response from [the victim] about whether [she] had been drinking alcohol before testifying." *Id*. A jury found the defendant guilty of domestic battery with traumatic injury and acquitted him of attempted strangulation. *Id*. The defendant filed a petition for post-conviction relief, alleging his trial counsel was ineffective for failing to discover and admit evidence relevant to the defendant's self-defense claim. The defendant also argued trial counsel was ineffective for failing to elicit a response from the victim about whether she was intoxicated while testifying. *Id*. at 36, 408 P.3d at 34.

At the post-conviction hearing in *Marr*, the petitioner presented evidence of what his potential witnesses would have testified to regarding the victim's character and reputation for violence had they been called to testify at trial. The district court found that the proffered witnesses testimony would have been admissible at trial and that trial counsel was ineffective "for failing to investigate [the victim's] reputation for aggression" and subsequently "failing to call [the witness] to testify about [the victim's] character, as it would have supported" Marr's theory of self-defense. *Id*. The district court also found that trial counsel was ineffective for "failing to elicit a response from [the victim] about whether she had been drinking before testifying" at trial, "as it undermined [the victim's] credibility." *Id*. As a result, the district court granted the petition.

On appeal, the Idaho Supreme Court affirmed the district court. *Id*. at 37-40, 408 P.3d at 35-38.[2] The Court determined that the victim's "character trait for belligerence" was relevant because it was "synonymous with hostility and combativeness" and the defendant claimed that the victim "was the initial aggressor and that [the defendant] acted in self-defense when he restrained" the victim. *Id*. at 38, 408 P.3d at 36. As a result, the Court concluded the evidence "would have been admissible at trial and would have supported [the defendant's] contention that he acted in self-defense." *Id*. The Court therefore held that there "was sufficient evidence in the record to support the district court's determination that [trial counsel] should have conducted an

---

[2]     Although the Court affirmed the district court's finding that trial counsel was ineffective for failing to call the witnesses to testify about the victim's character and reputation for violence, the Court did "not address whether [trial counsel] was ineffective for failing to cross-examine [the victim] about her alcohol consumption prior to testifying." *Id*. at 40, 408 P.3d at 38.

7

investigation into [the victim's] reputation and subsequently found and called" the witness to testify at trial. *Id*. at 39, 408 P.3d at 37.

The Court subsequently applied *Strickland*'s ineffective assistance of counsel test and concluded that "the district court correctly found [trial counsel's] performance was deficient." *Marr*, 163 Idaho at 39, 408 P.3d at 37. The Court held that trial counsel's "failure to investigate [the victim's] character and call [the potential witness] to testify to [the victim's] character" was not reasonable under prevailing professional norms when the defense's theory at trial was self-defense. *Id*. The Court agreed with the district court's finding that trial counsel "did not make a strategic or tactical decision to exclude evidence of [the victim's] character and reputation, but rather that [trial counsel] 'just missed it.'" *Id*. According to the Court, any reasonable attorney would have presented this evidence to bolster his or her client's claim of self-defense. *Id*. Because trial counsel did not make a tactical decision to exclude the evidence and because trial counsel's failure to investigate and present evidence of the victim's character as it related to the defendant's self-defense claim was not reasonable under prevailing professional norms, the Court held trial counsel's performance "fell below an objective standard of reasonableness and was therefore deficient." *Id*.

Regarding prejudice, the Court held that the district court "correctly found there was a reasonable probability that the result of [the] trial would have been different if the jury heard" testimony regarding the victim's character and reputation for violence. *Id*. According to the Court, the victim's "inconsistent testimony, coupled with the fact that the jury acquitted [the defendant] of the attempted strangulation charge, demonstrated that the jury may not have believed" the victim's testimony. *Id*. at 39-40, 408 P.3d at 37-38. Additionally, had trial counsel called one of the witnesses to testify, the defendant's "claim of self-defense would have been more credible, and it is possible the jury would have acquitted [the defendant] of both charges." *Id*. at 40, 408 P.3d at 38. Consequently, the Court concluded there was "a reasonable probability that the result of trial would have been different." *Id*. The Court thus held that the district court "correctly determined that [trial] counsel was ineffective when she failed to investigate [the victim's] criminal history, and subsequently discover and admit" the testimony about the victim's character. *Id*.

The record in Dills' case shows the district court determined that his trial counsel investigated and "found [the potential] witnesses to" testify about the victim's character for

8

untruthfulness. In his declaration, trial counsel stated that he concluded the potential witnesses' testimonies "could not be relied on without opening the door to [Dills'] prior conviction." However, the record also shows that, of the four potential witnesses, only two confirmed that trial counsel or his office had reached out to speak with them about potentially testifying. Specifically, one of the potential witnesses declared she was "never contacted by anyone from" trial counsel's office and "certainly [did] not recall being asked to testify by [Dills'] attorney." Similarly, the other potential witness stated she "never got a subpoena to testify" and that "no one from a public defender's office ever contacted [her] or made arrangements for [her] to testify." Dills therefore presented evidence regarding trial counsel's investigation of the potential witnesses that, if true, established a genuine issue of material fact regarding trial counsel's alleged deficiency.

Additionally, although the district court found the potential witnesses' testimonies "not particularly compelling," the district court was required to construe disputed facts in Dills' favor. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, although the district court was not required to accept Dills' conclusory allegations, conclusion of law or claims unsupported by admissible evidence, his allegations were not conclusory. Rather, Dills supported his petition with evidence from potential witnesses who knew the victim and were prepared to testify that she had a character for untruthfulness--evidence that, if true, established a genuine issue of material fact sufficient to survive summary dismissal of Dills' claim.

The State does not argue the evidence from Dills' four potential witnesses would have been inadmissible, nor does it argue that he is unable to show deficient performance. Instead, the State argues that, "had the four potential character witnesses testified, they would have been shown to be greatly biased against" the victim and in Dills' favor. Similarly, the State argues the district court's finding that Dills was unable to show prejudice was correct because "the evidence and testimony presented at trial--especially the recording of the incident and [the victim's broken arm]--supported the credibility of" the victim's testimony. The State's arguments are unavailing. That the potential witnesses could have been shown to be biased at trial does not affect whether Dills alleged facts that, if true, would establish a genuine issue of material fact to survive summary dismissal. Likewise, although the evidence presented at trial may have corroborated the victim's testimony, such does not negate Dills' evidence in this post-conviction proceeding establishing a genuine issue of material fact for purposes of avoiding summary dismissal of his claim.

9

Similarly, we also agree with Dills that the district court erred in dismissing his claim that his trial counsel was ineffective for failing to cross-examine the victim about her alleged prior false allegation of domestic violence against her ex-husband. In his declaration, trial counsel averred that he did not cross-examine or otherwise attempt to impeach the victim's testimony because "it was decided ahead of time that [Dills] would testify." According to trial counsel, doing so "allow[ed] the victim's statements to be impeached, rather than asking the victim multiple times about her version of the events." However, trial counsel failed to explain how or why the decision to have Dills testify at his criminal trial had a bearing on whether trial counsel cross-examined the victim about an alleged prior false allegation of domestic violence, nor was any explanation apparent on the face of the record. As a result, the evidence in the record creates a genuine issue of material fact as to whether trial counsel made an objectively reasonable tactical decision in failing to cross-examine the victim. Consequently, this claim was not subject to summary dismissal.

Because Dills presented evidence regarding the potential character witnesses' testimonies about the victim's character for truthfulness which, if true, established a genuine issue of material fact, Dills was entitled to an evidentiary hearing. Additionally, there is a genuine issue of material fact about whether trial counsel made an objectively reasonable tactical decision not to cross-examine the victim about an alleged prior false allegation of domestic violence. Accordingly, summary dismissal of these ineffective assistance of counsel claims was erroneous.

## B. Anthony and Amanda's Potential Testimonies

Dills alleged his trial counsel was ineffective for failing to present the testimony from Anthony and Amanda (the victim's ex-husband and his current wife) regarding the victim's alleged prior false allegation of domestic violence against Anthony. The district court disagreed and found that, "assuming, arguendo, that trial counsel was deficient in every way [Dills] asserts on this claim," he failed to show prejudice. According to the district court, the potential witnesses "would not have been allowed" to testify under the Idaho Rules of Evidence "because doing so would require the use of extrinsic evidence--i.e., the alleged prior false allegations--to prove specific instances of conduct to attack" the victim's credibility. As a result, "even if the proposed testimony of Anthony and Amanda had the possibility" of impacting "the jury's perception of [the victim's]

10

character for truthfulness," the district court determined summary dismissal of this claim was appropriate because the witnesses' proposed testimonies would have been barred by I.R.E. 608(b).

On appeal, Dills "acknowledges that I.R.E. 608(b) generally excludes extrinsic evidence of specific instances of misconduct" but argues the district court erred in dismissing this claim because "there were routes for [trial] counsel to argue that this evidence was admissible." Specifically, Dills argues that, "had counsel cross-examined [the victim] about whether she had ever made false allegations against someone other than Dills, and had she denied it," trial counsel could have utilized "impeachment by contradiction" as a "possible route to admissibility." However, a review of the record shows that Dills did not raise this argument in his petition for post-conviction relief nor did he argue impeachment by contradiction was a possible route for admissibility during the hearing on the State's motion for summary disposition. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). As a result, Dills' argument is unpreserved.

Dills also contends Idaho law "permits defendants to introduce extrinsic evidence of prior false allegations in sex crime cases when certain conditions are met." Dills acknowledges that "this was not a sex crime case" but maintains that trial counsel "could have analogized the present circumstances to those and argued for admissibility under that theory." However, this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. The Idaho Supreme Court has held that counsel's choice of witnesses, manner of cross-examination, and lack of objection to testimony fall within the area of tactical, or strategic, decisions. *State v. Abdullah*, 158 Idaho 386, 501, 348 P.3d 1, 116 (2015). Moreover, Dills' argument presents a novel legal theory, and this Court will generally not find deficient performance in such circumstances. *Id*. at 488, 348 P.3d at 103. Accordingly, Dills has failed to show the district court erred in summarily dismissing this claim.

C.     **Audio Recording of Altercation**

Dills argued his trial counsel was ineffective for failing to present the entirety of Dills' audio recording of the altercation at trial to impeach the victim's testimony. The district court was unpersuaded and determined it "need not decide whether trial counsel was deficient" because Dills

"failed to establish prejudice as a result of trial counsel's actions." The district court acknowledged that "only a portion of the audio recording of the events which led to" Dills' underlying criminal case was presented to the jury. Following a "thorough review of" the audio recording, the district court found that trial counsel's decision "to only present a portion of the audio file to the jury" was "a prime example of a tactical and/or strategic decision." The district court reviewed trial counsel's declaration where he averred the following in support of his decision to only present a portion of the audio recording:

> 17. I did not seek to introduce additional evidence of [the victim] berating [Dills] because I saw this as providing motive for him to strike her. I determined that there is not a defense of "I was sufficiently provoked" available, and giving additional credence to the idea that he reacted and did strike her was not in [Dills'] best interest.
> 18. The audio recording was used to show [Dills] was telling the victim to stop hitting him. The additional portion [Dills] wanted played was his comments to [the victim] about [Dills] not having hit her, which would not have been admissible, as his comments in that regard constitute hearsay statements by [him].

The district court indicated it was "keenly aware of the evidence presented at trial" and determined that, "had the entirety of the audio file been presented to the jury at trial, the only likely result would have been prejudice." The district court therefore concluded that Dills failed to show "both deficient performance and resulting prejudice" and summarily dismissed the claim.

On appeal, Dills argues the district court erred when it found that trial counsel made a tactical decision to not use the entire audio recording. In support of his argument, Dills relies on a declaration in the record from Kristi (Dills' wife at the time of his criminal trial) in which she maintains that trial counsel denied having listened to the audio recording. According to Dills, trial counsel "could not have exercised reasonable professional judgment to exclude this evidence if he did not know what was on it." We agree.

The record does not support summary dismissal of this claim because Dills presented evidence that created a genuine issue of material fact as to the district court's finding that trial counsel's decision was "a prime example of a tactical and/or strategic decision." In Kristi's declaration, she indicated that she was "involved in helping [Dills] put together a defense, which included gathering the evidence and materials" from his prior trial counsel and "making sure his new attorney" received them. Kristi further averred that, when she met with Dills' trial counsel, Kristi asked trial counsel if "he had listened to the entire audio recording, meaning the recording

12

that [Dills] had made of the incident." According to Kristi, trial counsel "shook his head 'no.'" The record further shows that trial counsel denied this allegation in his declaration. Specifically, trial counsel indicated he spoke with Kristi "twice at most and never said that [he did not] listen to the complete audio recording." According to trial counsel, he "listened to it many times and even played it for other attorneys in [his] office to verify that [he] was accurate in [his] analysis of how to use it." Because disputed facts must be construed in Dills' favor and credibility determinations cannot be resolved through affidavits or declarations, Dills was entitled to an evidentiary hearing on this claim. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Dills has met his burden of demonstrating this claim should not have been summarily dismissed.

## IV.
## CONCLUSION

Because Dills presented evidence in support of his ineffective assistance of trial counsel claims that, if true, established genuine issues of material fact, Dills was entitled to an evidentiary hearing. Accordingly, the district court erred in summarily dismissing three of Dills' claims of ineffective assistance of trial counsel. The judgment summarily dismissing Dills' petition for post-conviction relief is vacated and the case is remanded for further proceedings consistent with this opinion.

Judge FLEMING and Judge Pro Tem MELANSON, **CONCUR**.